**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| RICKY L. MADDIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-62-SRC |
| ) | |
| CORIZON MEDICAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the submission of a civil complaint by plaintiff Ricky L. Maddix, inmate registration number 505588. For the reasons explained below, plaintiff will be given the opportunity to file an amended complaint, and to either pay the $400 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by the inmate trust account statement required by 28 U.S.C. § 1915(a)(2).

**Background**

Plaintiff is an inmate at the Moberly Correctional Center (MCC). He initiated this action on October 6, 2020 by filing a document titled "Petition for Writ of Prohibition" against "Corizon Medical Services" (also "Corizon"), seeking injunctive relief to redress alleged violations of his constitutional rights. (ECF No. 1). The Court liberally construes the pleading as a civil complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges he suffers from a "myriad of medical conditions" and is housed in "cell-3" of the infirmary, while inmates who are positive for COVID-19 are housed in "cell-2." *Id.* He alleges that due to inadequate ventilation, he is exposed to airborne particles from cell-2, which amounts to "imminent danger of death." *Id.* The

complaint fails to state a claim upon which relief may be granted against Corizon. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978).

After filing the complaint, plaintiff filed a motion titled "Motion to Expand the Record and Proceed Without Paying the Filing Fee." (ECF No. 4). Therein, plaintiff seeks to add certain prison officials as defendants in this action, and he seeks to add additional facts. Briefly, he avers he tested positive for COVID-19 after showering where an infected inmate had showered, and he describes what he believes are inadequate safety procedures in the prison that this Court should order corrected. He includes a paragraph stating he wishes to proceed *in forma pauperis* in this action, but he neither provides sufficient information about his finances, nor provides the trust account statement required by 28 U.S.C. § 1915(a)(2). Plaintiff then filed two supplemental documents asking this Court to "addend newly developed facts" and "supplement" his original pleading with new information, (ECF Nos. 6, 7), followed by a second motion in which he stated he wished to "supplement claims" and seek injunctive and monetary relief. (ECF No. 8). From November 16, 2020 to November 23, 2020, plaintiff filed two motions and two supplemental documents seeking to amend or supplement the original pleading with additional information. (ECF Nos. 9 – 12). Plaintiff did not attach a proposed amended complaint to any of the foregoing filings.

## Discussion

The Court will deny plaintiff's motions seeking leave to amend or supplement the original complaint. First, the allegations therein fail to state a claim upon which relief may be granted against Corizon or any prison official. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). A Court may deny leave to amend if the amendment would be futile, meaning the proposed amended complaint would not survive a

2

motion to dismiss under Rule 12. *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). Additionally, plaintiff did not attach a proposed amended complaint to any of the motions. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). However, in consideration of plaintiff's *pro se* status and his expressed desire to amend his original complaint, the Court will give him the opportunity to file an amended complaint to fully set forth his claims for relief.

The amended complaint will replace the original, and will be the only pleading this Court will review. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

Plaintiff may not attempt to amend a complaint by filing separate documents or motions containing information he wants added to the original complaint or changes he wants made to certain parts. If plaintiff files such documents, the Court will not consider them. Plaintiff is required to file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii*, 512 F.3d at 497.

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In

3

the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.*

Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was causally linked to, and directly responsible for, depriving him of his federally-protected rights. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff must also specify whether he intends to sue the defendant in his or her individual capacity or official capacity. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

The Court now addresses plaintiff's request for permission to proceed *in forma pauperis*. Plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions or appeals that

4

were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted.[1] The Prison Litigation Reform Act of 1996 provides, in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In the case at bar, plaintiff has not filed a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by the account statement required by 28 U.S.C. § 1915(a)(2). Additionally, the complaint does not allege facts from which the Court can conclude that plaintiff is under imminent danger of serious physical injury. The Court will therefore not grant plaintiff leave to proceed *in forma pauperis* at this time. Instead, the Court will give plaintiff the opportunity to either pay the $400 filing fee, or file a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified inmate trust account statement for the six-month period preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). Plaintiff is reminded that this Court will be unable to allow him to proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Plaintiff has also filed a motion to appoint counsel. (ECF No. 5). The Court will deny the motion at this time, without prejudice. "A pro se litigant has no statutory or constitutional right to

---

[1] *See Maddix v. Fleming, et al.*, No. 4:94-cv-2301-JCH (E.D. Mo. Dec. 29, 1994) (dismissed as frivolous); *Maddix v. George*, No. 4:97-cv-1191-DBB (W.D. Mo. Feb. 12, 1998) (dismissed for failure to state a claim); *Maddix v. George*, No. 98-1766 (8th Cir. May 6, 1998) (frivolous appeal of No. 4:96-cv-63-DBB (W.D. Mo. Mar. 11, 1998)); *Maddix v. Bartlett*, No. 4:98-cv-252-ODS (W.D. Mo. May 26, 1998) (dismissed as frivolous).

have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the litigant's ability to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. *Id.*

After considering the relevant factors, the Court concludes that the appointment of counsel is unwarranted at this time. Based upon plaintiff's allegations, it appears this case is factually and legally straightforward, and that plaintiff will be able to investigate the facts and clearly present his claims. Additionally, the motion is premature. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain a future such motion, if appropriate, as this litigation progresses.

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall either pay the $400 filing fee, or file an Application to Proceed in District Court Without Prepaying Fees or Costs accompanied by a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's Application to Proceed in District Court Without Prepaying Fees or Costs form, and a copy of the Court's Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983 form.

**IT IS FURTHER ORDERED** that plaintiff's "Motion to Expand the Record and Proceed Without Paying the Filing Fee" (ECF No. 4), "Motion to Request Liberal Construction

6

and Supplement Claims" (ECF No. 8), "Request to Supplement" (ECF No. 9) and motion to amend his original pleading (ECF No. 11) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 5) is **DENIED** without prejudice.

Dated this 30th day of November, 2020.

*/s/ SLR.CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE