UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RICKY L. MADDIX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-62-SRC |
| | ) | |
| CORIZON MEDICAL SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Ricky L. Maddix, inmate registration number 505588. For the reasons explained below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and will dismiss this action without prejudice to the filing of a fully-paid complaint. The Court will also deny plaintiff's motion seeking an indefinite stay of this action.

### Background

The background of this case is fully set forth in this Court's November 30, 2020 Memorandum and Order. However, following is a brief recitation. Plaintiff is a Missouri State prisoner who has, on three or more prior occasions while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds it was frivolous or failed to state a claim upon which relief may be granted.[1] He is therefore subject to 28 U.S.C. § 1915(g). He initiated this action on October 6, 2020 by filing what was liberally construed as a complaint

---

[1] *See Maddix v. Fleming, et al.*, No. 4:94-cv-2301-JCH (E.D. Mo. Dec. 29, 1994) (dismissed as frivolous); *Maddix v. George*, No. 4:97-cv-1191-DBB (W.D. Mo. Feb. 12, 1998) (dismissed for failure to state a claim); *Maddix v. George*, No. 98-1766 (8th Cir. May 6, 1998) (frivolous appeal); *Maddix v. Bartlett*, No. 4:98-cv-252-ODS (W.D. Mo. May 26, 1998) (dismissed as frivolous).

filed pursuant to 42 U.S.C. § 1983 against Corizon Health ("Corizon").[2] He neither paid the filing fee, nor filed a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs that was accompanied by the trust account statement required by 28 U.S.C. § 1915(a)(2).

On November 30, 2020, the Court entered an order giving plaintiff the opportunity to file an amended complaint. The Court also directed plaintiff to either pay the $400 filing fee or file a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs, accompanied by the required trust account statement. In that order, the Court clearly explained, *inter alia*, that plaintiff was subject to 28 U.S.C. § 1915(g), and would therefore be eligible to proceed *in forma pauperis* only if his allegations established that he is under imminent danger of serious physical injury. After seeking and being granted additional time, plaintiff filed an amended complaint on March 23, 2021.

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and Corizon, and against the following forty-eight (48) MDOC and Corizon employees in their official and individual capacities: Anne Precythe, Kayla Nivert, Laurel Raines, Theodore Collins, Scott Weber, Amanda Lake, Valerie Helm, Andrea White, Amy Goosey, Michael Smith, Rhonda Burge, Kristie Ames, Kerry Kindle, Jane Wells, Jerry Lovelace, Ruanne Stamps, J. Cofield, Jenny Meehan, Elizabeth Baken, Lauren Trustee, Jeremy Trustee, Dorothy Bartells, Kimberly Burgette, Shirley Crum, Robert Gillespie, Marita

---

[2] Plaintiff's initial filing amounted to a motion under Rule 65 of the Federal Rules of Civil Procedure, seeking ex parte injunctive relief against Corizon. However, plaintiff submitted neither an affidavit nor a complaint of any kind, as required in order for this Court to issue the relief he sought. As explained in the Court's November 30, 2020 order, plaintiff's filing was liberally construed as complaint filed pursuant to 42 U.S.C. § 1983, and he was given the opportunity to file an amended complaint.

Jenness, Lori Langwell, Douglas Macdonald, Heather McCain, Heather Miller, Kim Klien, Tina Neer, Jobea Parker, Sheila Guilford, Marieta Robertson, Kimberly Young, William Winklemeyer, Troy Bartlet, Jeana Williams, Carol Backie, Andrea Crader, Denita Fox, Michelle Kirby, Joyce Milness, Lisa Pogue, Frank Gettimier, Captain Coswell, and Casey Lea.

Plaintiff filed the amended complaint on behalf of himself and one Byron Webster, a fellow inmate. Also, within the amended complaint, plaintiff indicates he brings some claims on behalf of himself and the inmate population as a whole. Plaintiff's attempt to bring claims on behalf of others will be addressed, *infra*. As an additional matter, the Court notes that plaintiff filed the amended complaint against fifty (50) defendants, and he asserts multiple unrelated claims against them. That is an impermissible pleading practice, *see* Fed. R. Civ. P. 20(a)(2), and in its November 30, 2020 order, the Court specifically cautioned plaintiff to avoid it. Nevertheless, rather than direct plaintiff to file a second amended complaint, the Court will thoroughly review the amended complaint to discern whether it contains any allegations that establish plaintiff is under imminent danger of serious physical injury, as required for him to be allowed to proceed *in forma pauperis* in this action.

In the amended complaint, plaintiff claims the defendants were deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth and Fourteenth Amendments.[3] He also claims the defendants are liable to him for violations of the Americans with Disabilities Act ("ADA"), and the Health Insurance Portability and Accountability Act ("HIPPA"). He seeks only monetary relief. Condensed and summarized, plaintiff's allegations are as follows.

---

[3] Because plaintiff is a convicted and sentenced state prisoner, his claims of deliberate indifference arise under the Eighth Amendment.

In 2016, plaintiff was diagnosed with chronic kidney disease and was not provided with proper treatment, resulting in progression of his condition. Plaintiff identifies the responsible defendants as Corizon, Lovelace, Cofield, and Winklemeyer. The prison provides plaintiff with a renal diet. However, plaintiff believes it is not a true renal diet, and is therefore detrimental to his health. Plaintiff further claims the prison canteen does not offer items appropriate for those on a renal diet. In 2018, plaintiff suffered a heart attack because Stamps, Gillespie, Wells and Crum previously dismissed his complaints of chest pain as heartburn or indigestion.

At an unspecified time in the past, plaintiff became confined to a wheelchair because Corizon, Precythe, Lovelace, Stamps, Raines, Cofield, Lake, Pogue, Nivert, Collins, Smith and the MDOC failed to provide spinal surgery. In 2018, plaintiff requested that wheelchair ramps be installed for his use and the use of other wheelchair-bound inmates in housing units, and near a fire exit. Ramps were not installed in the housing units, and the ramp that was installed near the fire exit was inadequate. Plaintiff is unable to participate in all of the recreation, rehabilitative and educational programs offered at the prison, and his request to be provided a full-time assistant to push him around in his wheelchair was denied, in violation of the ADA.

Plaintiff once asked Stamps to order physical therapy for his back, but she ordered physical therapy for his neck instead. She denied his request for sessions with a physical therapist, and instead gave him a graph of exercises. Plaintiff fell while performing physical therapy exercises. One month later he experienced pain in his hips and back, but Raines refused his request for an MRI.

Gettimier once refused to use soft restraints on plaintiff and instead used iron restraints that were uncomfortable. In the past, plaintiff was exposed to COVID-19 when infected prisoners were brought to the infirmary. On or about July 16, 2020, plaintiff suffered a heart

attack as a result of a medical procedure that caused clots to form in his arm. On or about November 25, 2020, Lea refused to allow plaintiff to go to dialysis, and reported that he had refused treatment. The following day, plaintiff was taken to the hospital with complaints of shortness of breath. The hospital did not allow plaintiff to have soft restraints, and plaintiff was required to wear restraints while showering.

A "cath placement" and fistula repair procedure that was scheduled for September 28, 2020 was cancelled to be rescheduled after plaintiff complained about the condition of the room. (ECF No. 20 at 39). He identifies the reason for the procedure as concern regarding the results of an August 25, 2020 pharmacologic stress test. Plaintiff avers that since that time he was "placed on a medicine supposedly for his heart." *Id.* He claims "the charge nurse along with the doctor" know that delaying the procedure is detrimental to his health, but he offers no facts in support of that statement. *Id.* Plaintiff does not allege he has been told by a medical professional that delaying the procedure or taking heart medication is detrimental to his health, nor does he allege facts that would support such a conclusion.

Plaintiff claims Winklemeyer discussed his medical problems in the presence of others, thereby violating his rights under HIPPA. Finally, plaintiff claims that the defendants, "each and every one of them, exhibited deliberate indifference when they conspired to interfere with civil rights . . . when they neglected to prevent or aid in preventing the commission of any wrongful acts." *Id.* at 45. Plaintiff seeks monetary relief.

The day after he filed the amended complaint, plaintiff filed a motion titled "Request Stay in Abeyance." (ECF No. 21). In the motion, plaintiff asks this Court to stay this action for an indefinite period of time. He acknowledges he is subject to 28 U.S.C. § 1915(g), and may therefore proceed *in forma pauperis* only if his allegations establish he is under imminent danger

of serious physical injury. He avers "all of his claims do not fall under the 'Imminent Danger' category, however, the claims that are not of imminent danger [are] nonetheless worthy of this Court's jurisdiction, adjudication and vindication of the Constitutional violations infringed in violation of the Eighth and Fourteenth Amendments." *Id.* at 1-2. Plaintiff does not specify which claim or claims establish he is under imminent danger of serious physical injury.

Plaintiff writes: "[b]ecause of the rules prohibiting this Court from hearing such claims, plaintiff seek[s] a stay, pending the receipt of Stimulus Relief EIP as promised and adjudicated by the Government." *Id.* at 2. Plaintiff includes no details concerning his eligibility to receive a stimulus check, nor does he indicate when he expects to receive it. Additionally, plaintiff does not state he will take responsibility for paying the filing fee if and when he receives a stimulus check. Instead, he suggests this Court should independently verify the issuance of a stimulus check to him, and then "immediately deduct $400.00 from said check as soon as it is deposited in any account whatsoever." *Id.*

### Discussion

As noted above, plaintiff filed the amended complaint on behalf of himself and a fellow inmate named Byron Webster. Webster did not sign the amended complaint, pay the filing fee, or file a motion seeking leave to proceed *in forma pauperis*, nor has he otherwise appeared in this matter. It is therefore not apparent that Webster has authorized the filing of the amended complaint on his behalf. Additionally, in the amended complaint, plaintiff indicates an intent to bring some claims on behalf of the inmate population as a whole.

To the extent the amended complaint asserts claims on behalf of Webster or any individual other than plaintiff, it is subject to dismissal. Plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the

6

standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

The Court now addresses the claims plaintiff purports to bring on his own behalf. As previously explained and as plaintiff acknowledges, he is subject to 28 U.S.C. § 1915(g) and therefore may not proceed *in forma pauperis* in this action unless he is under imminent danger of serious physical injury. "[A]n otherwise ineligible prisoner is only eligible to proceed *in forma pauperis* if he is in imminent danger *at the time of filing*. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) and authorize the prisoner to pay the filing fee on the installment plan." *Ashley v Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (emphasis in original).

As set forth above, plaintiff claims he was confined to a wheelchair and his kidney disease progressed because he was not provided adequate care; a defendant once refused to allow him to go to dialysis; he suffered one heart attack due to improper diagnosis and suffered another after undergoing a medical procedure; and he was exposed to COVID-19 when infected offenders were brought to the infirmary. It is clear that these injuries and all of the events leading to them occurred before plaintiff initiated this action and filed the amended complaint. Therefore, even if plaintiff's allegations established he faced imminent danger in the past, they do not establish he was under imminent danger of serious physical injury at the time he filed the amended complaint, as required to establish his eligibility to proceed *in forma pauperis* in this action. *See id.*

7

Plaintiff also claims the renal diet the prison provides does not amount to a true renal diet, and is therefore detrimental to his health. However, in support, plaintiff offers only his own speculation regarding the diet's adequacy and potential impact on his health. Plaintiff also claims a procedure was rescheduled, and he was placed on heart medication. However, he alleges no specific facts tending to show that delaying the procedure and/or placing him on heart medication amounts to imminent danger of serious physical injury. Finally, plaintiff alleges nothing tending to show a pattern of misconduct likely to result in serious physical injury. The Court concludes that plaintiff's general assertions are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Plaintiff's remaining claims concern matters of discomfort or inconvenience and alleged violations of the ADA and HIPPA, not imminent danger of serious physical injury. Accordingly, having thoroughly reviewed and liberally construed the amended complaint, the Court concludes that it fails to satisfy the imminent-danger-of-serious-physical-injury exception to 28 U.S.C. § 1915(g). Consequently, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis*, and will dismiss this action without prejudice to the filing of a fully-paid complaint.

The Court will also deny plaintiff's motion seeking an indefinite stay of this action. In support of the relief he seeks, plaintiff suggests he may receive a stimulus check from the government. However, he offers nothing tending to establish he is actually entitled to receive such a check, nor does he indicate when he expects to receive it. Additionally, plaintiff does not aver he will take responsibility for paying the filing fee if and when he receives a check. Instead, he expects this Court to independently verify whether a check is issued to him, identify the bank

account into which it is deposited, and then debit that account to satisfy the filing fee. This Court cannot perform those functions. In sum, plaintiff provides no reason to conclude that he will pay the filing fee within a reasonably specific time, and this Court will not grant an indefinite stay of this action. However, the denial of the motion and the dismissal of this action will not bar plaintiff from filing a fully-paid complaint to attempt to bring claims premised upon the events described in the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 16) is **DENIED** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that plaintiff's "Request Stay in Abeyance" (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to the filing of a fully-paid complaint. A separate order of dismissal will be entered herewith.

Dated this 7th day of April, 2021.

*SL R. CR*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE